## Lewis H. Lee and Samuel C. Lee, Trading as Lee & Brother, Plffs. in Err., v. Henry W. Baylie.

Where, in a suit upon promissory notes, defendant filed affidavits of defense, alleging that the notes were given for agricultural implements purchased of plaintiffs, and that at the time the notes were given and in part consideration of the notes the plaintiffs agreed to keep the machines in good repair for three years, and had failed so to do, causing great loss to defendant,—Held, that the affidavits of defense were sufficient to carry the case to a jury.

(Argued April 2, 1888. Decided May 7, 1888.)

January Term, 1888, No. 314, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Philadelphia County to review a judgment in favor of defendant in an action upon promissory notes, December term, 1886, No. 302. Affirmed.

In this suit, commenced by summons, the plaintiffs filed copies of the notes upon which they brought suit, and the defendant filed an affidavit of defense thereto. A rule for judgment for want of a sufficient affidavit of defense was entered, and upon argument the court ordered a supplemental affidavit

of defense to be filed by the defendant; this was done, and upon a second argument the court ordered a second supplemental affidavit; this was also filed and the case argued again upon all three of the affidavits of defense. After argument the court discharged the rule, no opinion being filed, and this action of the court was specified as error.

The affidavits of defense were as follows:

1. Henry W. Baylie, being duly sworn, says he has a defense to the above action of the following character, to wit: Deponent bought of plaintiffs two binders and a reaper and mowing machine. One binder was $250 in price; another binder was $140 in price; the reaper, $60, the mower, $55; making in all $505. Deponent gave notes for all these machines, and the notes sued on are for part of the notes given for these machines. At the time the purchase was made, and before the notes were given, and in part consideration of the notes, the plaintiffs were to keep all the machines in good repair for three years. This they failed to do. Deponent repeatedly notified them that the binders needed repairs, especially in the canvas that elevates the grain to the binder. This was not renewed as agreed. The reaper was to be delivered to deponent ready for use at the harvest following its purchase, as deponent used these machines to cut harvests for persons who employ him; but the reaper was not ready for use as agreed to be, but it was delivered in pieces and could not be used by deponent until he had employed men to put it together, and deponent lost about $70 in actual money, and the machine is not perfect and all its parts have never been delivered as agreed. Deponent has demanded that the machine be made perfect as contracted for. Deponent lost heavily because the binder had no canvas renewed by the plaintiffs, as agreed upon, so that the full loss by deponent owing to the defects in the machine, and the fact that the plaintiffs did not comply with their agreement, exceeds in amount the claim on the notes filed, and deponent sets the same off against the demand of the plaintiffs.

2. Henry W. Baylie, by leave of the court, files the following supplemental affidavit of defense: Henry W. Baylie, being duly sworn, says that he had a full defense to the payment of the notes sued on of the following character, to wit:

That three of the notes sued on were given by defendant to plaintiffs in payment of a reaper and binder which was sent to

deponent in July of 1884, by plaintiffs' agent named Hamilton —he taking it from a customer who had used it before. Hamilton said he would call and settle for the machines about August 1, 1884. Deponent tried the machines in July; and on August 1, 1884, he gave four notes of $50 each, in payment of this machine, three of which are now sued on. Deponent also bought a mowing machine for $55, and gave a note for that also, dated August 1, 1884.

The reaper and binder had been in the possession of deponent about one month, and the mowing machine had been delivered a day or two before that; so that, on August 1, 1884, plaintiffs received from defendant five notes, aggregating in all $255.

Before the defendant bought the machines, and before he gave the notes, the plaintiffs agreed to keep the machines in good order for three years, especially to renew the canvas pieces on the reaper and binder. This agreement the plaintiffs did not keep, but failed to renew the canvas pieces, although requested so to do. One of the notes for $50 deponent paid before it was due, that is about New Year, 1885; and the defendant reminded plaintiffs' agent of the agreement to renew the canvas pieces, but they neglected to renew them, and when the next harvest season came around deponent lost fully $100 in work which he might have done, and which amount deponent sets off against the remaining two notes, of $50 each, due for the said reaper and binder. In August, 1885, deponent bought a reaper of the plaintiffs, after the harvest season was over, and gave a note of $60, dated August 1, 1885, at one year, which is one of the notes sued on. This reaper was not used until the next harvest, but was stored away in pieces.

It was warranted by plaintiffs to be perfect and complete, and they agreed to put it together when wanted by defendant for use. Before the harvest of 1886 deponent notified plaintiffs that he desired to use the reaper and requested them to put it together. This they failed to do, and in consequence of their failure the defendant lost from $70 to $90, besides the machine is not perfect in two of its pieces. A seat is wanting entirely and the wheel is defective, and the machine, in consequence, is not worth $60, but only about $30; so that defendant believes and expects to prove, on the trial of the cause, that his loss because of the failure of the plaintiffs to do what they promised will equal $185, and that the machine for which they charged

$60 was only worth $30, having two hidden defects in it at the time of purchase, making in all deponent's claim,—which deponent sets off accordingly,—besides loss of time in hiring men to patch the canvas and in running after plaintiffs' men to get them to put the reaper together, so that, in point of fact, defendant's loss exceeds plaintiffs' claim.

3. Henry W. Baylie, by leave of the court, files the following second supplemental affidavit of defense, and, being duly sworn, says: That deponent could not get any canvas to fit the reaper and binder, or any kind of canvas that would suit the machine. It has always been furnished by the company making the binder and reaper; and they always furnished it and agreed to do so because they knew that none could be got of anyone but of them, and the refusal of the company or their neglect to give deponent the proper canvas pieces to fix the machine prevented the deponent from working it, and he could not get it fixed in any other way except through the plaintiff's company, from whom he bought the machine; and he therefore suffered the loss he sets out in the supplemental affidavit, and deponent's efforts to patch the canvas only resulted in further loss and delay. And the same is true of the loss caused by the failure of the plaintiffs to supply pieces needed to set up the reaper; the seat and wheel missing he could not supply, except through the plaintiffs' company; and, owing to their neglect to do so, deponent not only suffered loss in the diminished value of the machine, but also in the loss of the work that he could have done, and which was offered to him. And the defendant knows that he suffered actual loss to the full extent of $185 in work that he might have done with these machines had they been perfect.

*J. Howard Morrison,* for plaintiffs in error, cited Adams Exp. Co. v. Egbert, 36 Pa. 360, 78 Am. Dec. 382; McKnight v. Ratcliff, 44 Pa. 156; Rogers v. Bemus, 69 Pa. 432; Fleming v. Beck, 48 Pa. 309, and Fessler v. Love, 48 Pa. 407–409; Sherman v. Roberts, 1 Grant, Cas. 261; Sitgreaves v. Griffith, 2 W. N. C. 705; Sloan v. Chamberlain, 7 W. N. C. 537; Pennypacker v. Jones, 15 W. N. C. 361; Kuhnle v. McKeever, 1 W. N. C. 19.

(No brief was filed for defendant in error.)

PER CURIAM:

We think that the affidavits of the defendant were sufficient to carry the case to a jury.

Judgment affirmed.